**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MARYANN YOUNG, et al.** : | |
|     **Plaintiffs,** : | |
| : | |
|     **v.** : | **CIVIL NO. L-02-2766** |
| : | |
| **CITY OF MOUNT RAINIER, et al.** : | |
|     **Defendants.** : | |

**MEMORANDUM**

This is a 42 U.S.C. § 1983 civil rights action. Plaintiffs allege that on March 21, 2001, City of Mount Rainier police officers brutalized Harrison Boodoo ("Mr. Boodoo") while taking him into custody for an involuntary psychiatric evaluation. Those officers, along with officers of the Town of Bladensburg, then callously ignored Mr. Boodoo as he suffocated to death on the back seat of a police cruiser, Plaintiffs contend. Now pending are the City of Mount Rainier and the Town of Bladensburg's motions to bifurcate. For the reasons stated herein, the Court will, by separate Order, GRANT the motions. (Docket Nos. 73 and 75).

**I.     BACKGROUND**

Plaintiffs MaryAnn Young[1] and Martin Boodoo[2] filed this suit against the City of Mount Rainier, the Town of Bladensburg, individual Mount Rainier police officers (Mark Ferencin, Herbert McKoy, and Paul Corridan), and individual Bladensburg police officers (William Parr and R. Surles) for violation

---

[1] Ms. Young sues as personal representative of the estate of Harrison Boodoo.

[2] Martin Boodoo is Harrison Boodoo's father.

of 42 U.S.C. § 1983 as well as various state law causes of action.[3] Plaintiffs allege that the City of Mount Rainier and the Town of Bladensburg are liable for the actions of the individual police officers due to their failure to train, instruct, and supervise.

On January 24, 2005 and January 25, 2005, respectively, the City of Mount Rainier and the Town of Bladensburg (collectively referred to as "the municipal Defendants") filed motions to bifurcate. The municipal Defendants request that all claims against them be bifurcated for purposes of discovery and trial.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 42(b), the Court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues.  The Court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused.  Dawson v. Prince George's County, 896 F. Supp. 537, 539 (D. Md. 1995).

Plaintiffs' claim against the municipal Defendants is dependent on the validity of their claims against the individual police officers.[4]  Under Section 1983, to hold the municipal Defendants liable, Plaintiffs must first establish that at least one police officer violated Mr. Boodoo's constitutional rights.[5]

---

[3] The state law causes of action include: (i) wrongful death; (ii) survival action; (iii) negligence; (iv) assault/battery; (v) false arrest/false imprisonment; (vi) conspiracy and constructive fraud; and (vii) violation of the Maryland Declaration of Rights.

[4] A defendant cannot be held vicariously liable under Section 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

[5] As stated in Temkin v. Frederick County Comm'rs, a "claim of inadequate training under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional

See Marryshow v. Town of Bladensburg, 139 F.R.D. 318, 319 (D. Md. 1991) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).  If Plaintiffs cannot show that an individual police officer violated Mr. Boodoo's constitutional rights, their claims against the municipal Defendants must likewise fail.

Even if Plaintiffs prevail against any individual police officer, they "must establish that the actions of the [police officers] subjecting [Defendants] to Section 1983 liability were proximately caused by a custom, practice or policy of a [municipal Defendant]."  Marryshow, 139 F.R.D. at 319 (citing Monell, 436 U.S. at 691-94).  Proof of a custom or policy ordinarily requires proof of a number of prior incidents of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them.  Marryshow, 139 F.R.D. at 319-20 (citing Spell v. McDaniel, 824 F.2d 1380, 1391 (4th Cir. 1987)).  Such evidence would be both irrelevant and highly prejudicial to the individual police officer Defendants.

Accordingly, in order to avoid prejudice, for the sake of economy and expedition, and following the usual practice of this Court, the Court will bifurcate the case for purposes of both discovery and trial.

### III.   CONCLUSION

For the reasons stated herein, the Court will, by separate Order filed this date:

(i)   GRANT Defendants' motions to bifurcate (Docket Nos. 73 and 75); and

(ii)  STAY discovery on Plaintiffs' claims against the municipal Defendants until Plaintiffs' claims against the individual police officers have been resolved.

---

violation on the part of the person being supervised."  945 F.2d 716, 724 (4th Cir. 1991).

All discovery that is permissible with respect to the claims against the individual police officers may proceed even though it may also relate to the claims against the municipal Defendants.  The parties are not precluded from seeking the Court's leave to proceed with all or part of the postponed discovery for good cause shown.

Dated this _18th__ day of July, 2005.

                                                _____/s/_____
                                                Benson Everett Legg
                                                Chief Judge